This is a child custody case.
The father through able counsel appeals from an order of the circuit court determining custody and visitation rights.
The parties were divorced in 1981. By agreement the wife got custody of the minor child and the husband was awarded certain visitation privileges. The instant proceedings arose after the wife sought to *Page 1304 
have the husband held in contempt for failure to pay child support. The husband cross-petitioned for a change of custody and to have the wife held in contempt for denying visitation.
After an ore tenus hearing the trial court awarded temporary
custody of the minor child to the maternal grandparents. The father was awarded very specific visitation to be exercised in the presence of the paternal grandmother. The wife was awarded visitation to be agreed upon between the wife and her parents on the condition that the wife's visitation does not conflict with the husband's.
The primary issue on appeal is whether the trial court abused its discretion in the matter of the husband's visitation privileges. Additionally, the husband alludes to the trial court's action regarding custody as being error.
It is firmly established that the trial judge who hears the evidence ore tenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change. Julian v. Julian, 402 So.2d 1025
(Ala.Civ.App. 1981). Furthermore, child custody and visitation rights are matters addressed to the discretion of the trial court and the exercise of that discretion will not be reversed except for abuse or plain error. Whiteport v. Whiteport,283 Ala. 704, 220 So.2d 891 (1969); Dowdle v. Dowdle,402 So.2d 1023 (Ala.Civ.App. 1981).
In the instant case there is ample evidence to support the trial court's decision. There is nothing to be gained from setting forth the evidence in detail. Suffice it to say that, in view of the above presumptions and the evidence, the trial court did not abuse its discretion in determining custody and visitation. This is especially true in this instance where temporary custody is involved.
As to the primary issue, we particularly note that prior to the instant proceedings the husband had certain visitation rights and that now the husband still has visitation privileges. While the visitation might be considered more restrictive in some respects, we note that while exercising prior visitation privileges the husband refused to return the child or reveal its whereabouts to the mother and furthermore stated an intent to never return the child.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.