This is a child custody case.
The parents were divorced in August 1980. Pursuant to an agreement, custody of the parties' minor child was awarded to the mother, with visitation rights granted to the father. At the time of the divorce the child was only an infant, and the father agreed that primary custody of the child should be in the mother.
Following the divorce the mother and minor son moved in with the mother's parents. In June 1982 the mother discovered she had leukemia. The mother suffered also from manic depressive illness. Both illnesses required treatment and involved numerous hospitalizations.
As a result, the mother's parents became considerably involved with the parenting of the minor child. In March 1986 the mother died from the leukemia. The minor son continued to live with his grandparents after his mother's death.
Immediately preceding the mother's death the father, in February 1986, petitioned for custody of the child. The grandparents also petitioned for custody, but not until after the mother's death.
After an ore tenus hearing the court awarded custody to the father, subject to reasonable visitation in the grandparents. The grandparents appeal, and the father cross-appeals.
Matters of child custody and visitation decided following an ore tenus hearing are subject to the trial court's discretion, and the court's decisions on these issues will not be reversed unless they reflect an abuse of discretion or plain error.Hutchinson v. Davis, 435 So.2d 1303 (Ala.Civ.App. 1983).
Additionally, we note that the trial court's findings regarding child custody are presumed correct, and we may not substitute our judgment concerning custody determinations for the judgment of the trial *Page 729 
court. Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App. 1985).
The grandparents maintain that the trial court's award of custody to the father was an abuse of discretion. The court's order provided:
 "John R. Fugard, III [the father] has a prima facie right to the custody of his child as against the custody of a nonparent and therefore . . . is awarded custody of his son, John R. 'Rip' Fugard, IV."
In reaching this determination the court applied the recent case of Ex parte Terry, 494 So.2d 628 (Ala. 1986), and found that the father was "fit" as a parent and, thus, entitled to custody.
At the outset, we note that a child's natural parent has a prima facie right to custody in a custody contest between the parent and a nonparent. Terry, supra. This presumption recognizes that, as a matter of law, the best interests and welfare of the child are served by maintaining primary parental custody. Terry, supra.
It is not until the natural parent is found so unfit or unsuited for custody that this presumptive right is overcome. We have carefully reviewed the record evidence and fail to find any evidence that the father was unfit. Terry, supra.
Quite to the contrary, there is ample evidence to support a finding that the father would be a good parent. We recognize that evidence was also presented supporting the grandparents' custody petition and their claim that the child's best interests would be served by placing custody in them. The child had lived all his life in the grandparents' home. He loved his grandparents and viewed them as parents.
However, the evidence further established that the father never voluntarily forfeited custody of the child to the grandparents, nor was custody removed from the father and awarded to the grandparents by an earlier decree.
Thus, because this case is simply a custody dispute between a nonparent and a parent, who has neither voluntarily relinquished custody to a nonparent nor had custody removed from him and awarded to a nonparent by an earlier decree, the applicable standard is that set out in Terry, supra.
In Terry, supra, the supreme court states:
 "The standard to be applied in this case is that applied by this Court in Ex parte Berryhill, [410 So.2d 416 (Ala. 1982)] as reiterated by this Court in Ex parte Mathews, [428 So.2d 58 (Ala. 1983)]:
 " 'The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.
[Citation omitted].' "
The evidence failed to establish that the father was unfit. As a result, his presumptive right to custody forecloses any further consideration of the child's best interests. Terry,supra.
We also note that if the evidence had established that the father voluntarily forfeited custody to the grandparents or that an earlier decree removed custody from him and awarded it to the grandparents, then the father's prima facie right would also have been defeated. Terry, supra. This case presents neither situation. Thus, we affirm the trial court's custody determination.
We turn now to the father's cross-appeal. The father maintains that pursuant to section 30-3-4, Code 1975, the grandparents should not have been awarded any visitation rights. That section provides: *Page 730 
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) Divorce proceedings, whether granted previously or subsequently to February 28, 1983. . . ."
§ 30-3-4, Code 1975.
Although section 30-3-4(a), Code 1975, provides a mechanism by which grandparents may obtain visitation rights incident to divorce proceedings, the father contends this statutory avenue is available to grandparents only when those rights are pursued in connection with an initial divorce proceeding. He argues that if the grandparents are not awarded visitation rights under the statute at the time of the initial divorce decree, then section 30-3-4(a) does not afford a mechanism for later obtaining visitation. We do not find that the statute contemplates such a restrictive definition.
The law in Alabama is clear that once custody of a child is provided for by a divorce decree that court has continuing jurisdiction over the child until he or she reaches majority.Ex parte Phillips, 266 Ala. 198, 95 So.2d 77 (1957). In other words, a court's jurisdiction over child custody matters is continuous. Collier v. Collier, 57 Ala. App. 208, 326 So.2d 769
(Ala.Civ.App. 1976). This continuing jurisdiction is evident in the fact that a court which issues a divorce decree dealing with child custody may modify its original decree upon a showing of a material change in circumstances. Armstrong v.Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978). Thus, child custody determinations made pursuant to divorce proceedings, although final with respect to the particular set of circumstances currently before the court, are subject to modification and, in that sense, ongoing. Lamar v. Lamar,429 So.2d 1055 (Ala.Civ.App. 1982).
In view of these principles of law, we find that the term "divorce proceedings" as used by the legislature in section30-3-4, Code 1975, includes post-judgment modification procedures and that grandparents may avail themselves of section 30-3-4(a) in attempts to obtain visitation rights in child custody modification proceedings flowing from a divorce. We note that the language of the statute specifically provides that "divorce proceedings, whether granted previously or subsequently to February 28, 1983" are within the statute's coverage. § 30-3-4, Code 1975. This language contemplates post-judgment child custody modification proceedings of divorces entered prior to the statute's enactment (February 28, 1983) and insures that these modifications may include awards of grandparent visitation.
Thus, as there was statutory authority to support the visitation award and the evidence similarly supports the court's order, we find no abuse of discretion. Hutchinson,supra; § 30-3-4, Code 1975. The award of visitation to the grandparents is, therefore, affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.