INGRAM, Judge.
This case concerns a custody dispute between the natural mother (mother) and a nonparent (aunt). Pursuant to an agreement, the father was awarded custody of the minor child in question in January 1979. The child remained with the father until 1987, when the Department of Human Resources took him into custody upon a complaint of physical abuse by the father. At that time, the mother requested custody of the child, who was approximately 15 years old. Subsequent to the above request by the mother to have custody of the child, the father died. The guardian ad litem then recommended that the child’s aunt be awarded custody of the child.
After a hearing, the trial court awarded custody of the child to the aunt. The mother now appeals to this court.
At the outset, we note that a child’s natural parent has a prima facie right to custody in a contest between the parent and a nonparent. Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987). This presumption recognizes that, as a matter of law, the best interest and welfare of the child are served by maintaining primary parental custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). It is not until the natural parent is found so unfit or unsuited for custody that this presumptive right is overcome. Ex parte Terry, supra; Self, supra.
In the present case, the natural mother has never been deemed unfit. Rather, the trial court found that the mother was indeed fit. The trial court found that the mother was doing an excellent job with the three children already in her home and that she was very frugal and sharp in maintaining a good home. The record further reveals that the mother is employed on a full-time basis and that she makes sufficient income to care for the child. The mother also testified that the addition of the child into her home would not cause any hardship on her and that she believed she was the best person to take care of the child.
The evidence further establishes that the mother never voluntarily forfeited custody of the child to the aunt, nor was custody removed from the mother and awarded to the aunt in an earlier decree. Thus, because this case is simply a custody dispute between a nonparent and a parent, who has neither voluntarily relinquished custody to a nonparent nor had custody removed from him and awarded to a nonparent by an earlier decree, the applicable standard is that applied by the Alabama Supreme Court in Terry. Self, supra.
‘“The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that *1025 right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).’” (Emphasis in Terry.)
Ex parte Terry, 494 So.2d at 632, quoting Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983).
Therefore, according to the standard set up by the Supreme Court in Terry, we have no alternative but to reverse the trial court. As there was a finding that the mother was fit, it was error for the trial court not to award the mother custody of the child.
This case is due to be reversed and remanded with instructions to enter a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.