ROBERTSON, Judge.
This is a child custody case.
Patricia Gross is the natural mother of Deion Brittany Gross, born October 1, 1986, in Etowah County, Alabama. When the child was less than three weeks old the mother relinquished the child to the mother’s paternal aunt, Willie Mae Turner, while she was hospitalized for mental health treatment. On August 2, 1988, the mother filed a petition for custody of the child. Following an ore tenus proceeding, the trial court awarded custody of the child to the mother’s paternal aunt and awarded reasonable visitation rights to the mother. The mother’s post-trial motion was denied and she appeals.
The primary issue is whether the trial court erred in its custody award. The mother urges error in the trial court’s determination that the best interests of the child would be served by placing custody with the child’s great aunt. She contends that the trial court erred in not affording her, as the natural parent, the strong presumption favoring the natural parent as custodian over a nonparent. We agree.
Alabama law provides that, in a custody dispute between a parent and a non-parent, the child’s parent has a prima facie right to custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App.1988). The rationale behind this presumption is that, as a matter of law, a child’s best interests and welfare will be served by maintaining custody in the parent. Terry, supra.
However, if the natural parent is deemed unfit or unsuited for custody, this presumption is defeated. Roden, supra. Similarly, a parent’s prima facie right to custody is defeated if the parent either voluntarily forfeited custody of the child to the nonpar-ent or a previous decree placed custody in the nonparent. Roden, supra.
Reports and testimony from mental health staff indicate that the mother has intended for quite some time to provide for her son as soon as she was able. There was evidence presented to the trial court that although the mother’s intelligence may be below normal, and her judgment and insight were once poor because of her condition, she has complied with her treatment and medication and the result has been steady improvement. Further, mental health staff testified that the mother is capable of caring for herself and the child, and that they encouraged her to seek legal assistance to get the child back.
The trial court noted in its order that it heard and “carefully considered the testimony of all the witnesses and feels it would be in the best interests of the minor child that custody be placed with Willie Mae Turner.” The trial court heard testimony from professional mental health staff, as well as neighbors and relatives of the mother, who knew her well and had had opportunities to observe the mother, including during the years since the child’s birth.
The mother argues that she was not found unfit by the trial court, and, therefore, that the trial court erred in not granting custody to her. There was no finding of unfitness, and a careful review of the record reveals that the trial court was correct in not finding the mother unfit.
There was testimony that the mother’s mental condition is stabilized because she is presently taking prescribed medication and complying with outpatient treatment. She *969 has lived with her mother and helped watch and care for her sister’s children.
In applying the standards set out in Terry, supra, and Roden, supra, we find that the trial court erred in awarding custody to a nonparent absent a finding of unfitness or a voluntary forfeiture of custody by the mother. Therefore, this case is reversed and remanded with instructions to grant custody of the child to the natural mother.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and RUSSELL, J., concur.