ROBERT P. BRADLEY, Retired Appellate Judge.
Former husband appeals from an order of the Mobile County Circuit Court finding him in contempt for his failure to make certain payments in accordance with the parties' 1984 divorce decree.
The parties were divorced by decree in 1984 wherein the former husband was required, among other things, to pay $150 per week as child support and to pay certain monthly mortgage indebtedness encumbering the home awarded to the former wife. Former wife brought a petition for rule nisi asserting the contumacious failure of the former husband to make these payments. Former husband filed a motion for modification thereafter, essentially asserting that the parties’ two daughters were over the age of eighteen and not dependent upon the parties for their support, and that, since the former wife was gainfully employed, the former husband should be relieved of the obligation to make the monthly mortgage payments upon the former marital residence wherein the former wife resides.
After ore tenus proceedings, for which no record was taken and transcribed, the trial court: determined that the former husband was in contempt for violating pri- or orders of the court; adjudged the former husband to be $2,175 in arrears in child support, and $1,524 in arrears in the mortgage payments; and reduced the child support obligation of the former husband to $75 per week prospectively. The former wife was also awarded $200 as an attorney’s fee.
Former husband has asserted three issues for our consideration. However, because no transcript of the proceedings was filed as part of the record in this appeal, we are unable to review the factual basis upon which the judgment of the trial court rests.
One of former husband’s issues concerns whether the trial court erred in “denying” his motion for judgment nunc pro tunc. After carefully reviewing the order of the trial court, we determined that this “motion,” essentially a counterclaim, was never ruled upon. As a result, we remanded this matter to the trial court for final decision or for certification as final under Rule 54(b), Alabama Rules of Civil Procedure. The trial court did not rule upon the request for judgment nunc pro tunc, but rather entered an order making the prior order final. In this posture, with no final order on former husband’s request for judgment nunc pro tunc, we do not reach this issue. Bowman v. Integrity Credit Corp., 507 So.2d 104 (Ala.Civ.App.1987).
Review of a contempt decree is by petition for writ of certiorari and not by appeal. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983). However, we can consider an appeal as a petition for writ of certiorari, Williams, which we shall do in this case. Our scope of review in a contempt case is limited to questions of law and whether there is any legal evidence to support the judgment. Simpson v. Harbin, 447 So.2d 189 (Ala.1984). The weight and preponderance of the evidence are not factors in the contempt review process. Citicorp Person to Person Financial Center, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App.1982).
A review of the order of the trial court indicates that its decision was based upon the sworn testimony of the witnesses (the former husband and wife). As stated, the record does not contain the court reporter’s transcript or a valid substitute. Consequently, we conclusively presume that the judgment, upon which this appeal is based, is supported by the testimony which was presented to the trial court. See, Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986).
The former wife has requested that this court award damages for the frivolous nature of this appeal, pursuant to Rule 38, Alabama Rules of Appellate Procedure. We decline; however, the former wife is awarded $500 as an attorney’s fee for representation on this appeal.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty *638 status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.