RUSSELL, Judge.
This is a child custody case.
The parental rights of J.P.’s natural parents were terminated by an order of the Juvenile Court of Montgomery County on January 12, 1990. That order further awarded permanent legal custody of J.P. to the Alabama Department of Human Resources (DHR) and instructed DHR to locate a suitable adoptive placement for the child.
Pending the search for a permanent home, the child was placed in a foster home. R.C. and C.C. (appellees) were introduced to the child through their friendship with the child’s foster parents. As a result of that friendship, the appellees became aware that the parental rights of the child’s natural parents had been terminated.
Subsequently, the appellees filed a petition, seeking an award of temporary custody, and were granted a temporary restraining order enjoining DHR from initiating any adoptive proceedings. They had previously had their names placed on DHR’s list of potential adoptive families.
Following an ore tenus hearing, the trial court issued an order dated April 19, 1990, awarding temporary legal custody of J.P. to the appellees. Furthermore, it ordered that DHR conduct a home study of the appellees’ home to be submitted to the court by May 10, 1990. The court stated that its order granting the appellees custody would become effective as of May 15, 1990. The court also reserved its ruling on an award of permanent custody to the ap-pellees.
DHR appeals. We reverse.
We find the dispositive issue to be whether the trial court erred in awarding temporary legal custody of the child to the appel-lees.
Initially, we note that matters of child custody following an ore tenus proceeding are subject to the trial court’s discretion, and the court’s decision regarding that issue will not be reversed unless it reflects an abuse of discretion or plain error. Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987). Furthermore, it is well settled that the paramount consideration in child custody eases is the best interests of the child. Brown v. Alabama Dept, of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985).
Applying this standard of review to the facts in the case, we conclude that the decision of the trial court constitutes plain error in that it was not in the best interests of the child to award the appellees temporary legal custody.
We find it important to note that a previous order of the trial court awarded permanent legal custody of the child to DHR and instructed that agency to initiate a search for an adoptive home for the child. The record reveals that DHR attempted to comply with that order and ceased to do so only upon the trial court’s grant of the appel-lees’ motion restraining DHR from doing so.
Testimony revealed that DHR had concluded that the appellees were not suitable as adoptive parents for this particular child. Witnesses for DHR expressed concern that, because the child was born in the same county where the appellees reside, there exists a threat that the child, or others in the community, might discover the identity of the natural mother. There was further testimony that DHR’s policy dictates that adoptive children not be placed with families who reside within the child’s county of origin.
Moreover, DHR contended that the actions of the appellees demonstrated that they were not capable of protecting the child’s identity due to the fact that several members of the community had apparently been made aware that the child was a foster child and that the parental rights of her natural parents had been terminated.
We find that the trial court’s reversal of its previous order, awarding custody to DHR and instructing it to find an adoptive home for the child, effectively frustrates a primary purpose for which DHR was designed. The record reveals that DHR had *589 conducted a detailed search for an appropriate adoptive home and had determined that the home of the appellees was not a suitable home in which to place the child. Moreover, there was testimony that an adoptive home had been located and that DHR had intended to proceed to place the child in that home.
For the trial court to usurp the authority of DHR after having awarded it permanent legal custody of the child is, in our opinion, clearly not within the child’s best interests. To conclude otherwise would encourage nonparents, unsuccessful in their attempts to adopt through cooperative efforts with DHR, to locate children with parents whose parental rights have been terminated and directly petition the court for an award of custody. This practice, in our opinion, would disrupt the normal operations of DHR and circumvent the established guidelines by which adoptions involving that agency are governed.
Therefore, we reverse the decision of the trial court awarding the appellees temporary legal custody and remand with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS. •
INGRAM, P.J., and ROBERTSON, J., concur.