RUSSELL, Judge.
James Ray Holland (father) filed a petition for custody of James Ray Scoggins (child) and subsequently filed both a petition alleging paternity and a paternity acknowledgment. He was found to be the natural father of the child. After a hearing custody was granted to Deborah J. Scoggins (mother). The father appeals from the grant of custody. We affirm.
Initially, we note that, following an ore tenus proceeding, child custody matters are subject to the trial court’s discretion and that the trial court’s judgment on these issues will not be reversed without a showing of an abuse of discretion or plain error. Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987). In addition, the trial court’s findings are presumed correct, and we may not substitute our judgment concerning custody determinations for that of the trial court. Id.
The pertinent facts are that the mother and the father lived together for five or six months after the child was born. The father was unemployed and unable to provide a place for the child to live. They stayed with the paternal grandmother and then moved to another home, apparently staying with friends. The father now earns approximately $300 a week and, pursuant to a court order, pays $30 a week in child support.
The father testified that he was convicted for the resale of marijuana in 1971. He also testified that he has not been involved with drugs for over a year. He further testified that the mother took good care of the child while they lived together, but that one time when he picked up the child for visitation, the child was filthy. When he picked up the child another time, the child had bruises from his hip all the way down his leg from being spanked by the mother’s boyfriend.
The mother testified that the boyfriend spanked the child at eight months with a switch and that he has done it quite a few *975 times, but that he did not mean to hurt the baby.
Home studies conducted by the St. Clair County Department of Human Resources (DHR) indicated that both the mother and the father could provide suitable homes and adequate care for the child.
After the trial court granted custody to the mother, the guardian ad litem for the child filed a motion for reconsideration, asking the court to remove the child from custody of the mother and place him with the father.
The father contends that the trial court erred in granting custody to the mother and that it would be in the best interests of the child to place him with the father. We find some merit to the father’s contention. However, in view of the evidence, including the home study conducted by DHR, and our standard of review, we cannot find that the trial court abused its discretion by granting custody to the mother. We feel compelled to caution the mother that corporal punishment of the child by the boyfriend is unacceptable and, should it continue, may weigh heavily in future custody proceedings.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.