RICHARD L. HOLMES, Retired Appellate Judge.
This case involves the temporary custody of a dependent child.
S.J.C. (the child) was born in October 1990 to P.C. (the mother). On May 14, 1991, a petition requesting temporary custody was filed by A.T. The petition alleged that the mother had left the child with A.T. (the neighbor) for the last two months and that the neighbor was requesting temporary custody. An emergency order was issued by the court on May 14,1991, placing temporary custody of the child with the neighbor. In the court’s order dated June 19,1991, temporary custody of the child was to remain with the neighbor, pending home studies of the maternal grandmother and the paternal aunt, who had petitioned the court for temporary custody of the child.
A hearing on the petitions for temporary custody was held on March 26, 1992. The court was advised that the maternal grandmother and the paternal aunt wished to withdraw their petitions. The court considered the petition of the neighbor and the petition of K.C. and J.C. (uncle and aunt), who were the maternal uncle and aunt. On April 6, 1992, the court issued an order placing temporary custody of the child with the uncle and aunt, who had adopted the child’s two older siblings.
In September 1992 the Department of Human Resources (DHR) filed a petition, seeking emergency relief. The petition alleged *910 that the uncle and aunt were experiencing great difficulty and trouble from the mother and that the mother had threatened to run away with the child. It also alleged that because of the problems caused by the mother, the uncle and aunt had decided that they could no longer keep the child and had informed DHR that they would return the child to DHR on September 17, 1992. The court issued an order placing temporary custody in DHR pending a 72-hour hearing.
On September 21, 1992, the neighbor filed another petition, requesting temporary custody. On October 27, 1992, DHR filed a motion, requesting that the court dismiss its petition filed September 16, 1992, and vacate the orders dated September 16, 1992, and September 21, 1992. The grounds for the motion were that the uncle and aunt currently held custody of the child and desired to continue having custody of the child. The court granted the motion.
On February 18, 1993, a hearing was held on the petition of the neighbor filed on September 21, 1992. On April 20, 1993, the court once again placed temporary custody of the child in the neighbor.
The uncle and aunt appeal. The mother appeals. However, no brief was filed on behalf of the mother.
Initially, we note that this case involves a custody dispute between non-parents of the child. Prior to the April 20,1993, order both the neighbor and the uncle and aunt had at various times been awarded temporary custody of the child during some point in his young life.
The best interest of the child is the primary concern in custody cases of this nature. H.T. v. C.T.W., 569 So.2d 418 (Ala.Civ.App.1990); State Department of Pensions & Security v. Hornbuckle, 336 So.2d 1372 (Ala.Civ.App.1976). This court has the responsibility “to examine the decision of the trial court in light of the testimony and its reasonable inferences and determine if that decision satisfies the concern of the best interest and welfare of the child.” Hornbuckle, 336 So.2d at 1374. This court must set aside the trial court’s decision if it appears “to be so unsupported by the testimony as to clearly fail to sustain the present and future best interest and welfare of the child.” Hornbuckle, 336 So.2d at 1374.
Our review of the record reveals that the child was in the temporary custody of the neighbor from March 1991 until April 17, 1992, when he was placed with the uncle and aunt pursuant to the April 6, 1992, order. The child remained in the custody of the uncle and aunt until the April 20,1993, order, which is the subject of this appeal.
At the February 1993 hearing the court had before it a report prepared by DHR. In this report, DHR stated that the neighbor’s home evaluation conducted in September 1992 was favorable. The report stated that DHR could not recommend placement of the child in the neighbor’s home because they were not related.
In this report, DHR recommended that the child remain with the uncle and aunt as (1) they have agreed to keep the child in their home; (2) they are willing to allow the Florida Department of Health and Rehabilitative Services (Florida DHRS) to monitor and supervise their home (the mother, child, uncle, and aunt all resided in Florida since April 1992); (3) the child has been in the home of the uncle and aunt for almost one year (at the time that the report was prepared); (4) the child has siblings who live with the uncle and aunt (these older siblings have been adopted by the uncle and aunt); (5) this family was working toward remaining united; and (6) the mother was supposedly attending alcohol abuse rehabilitative services at the time the report was prepared. (We note that the mother testified at the hearing that she had completed her eight weeks of alcohol abuse treatment.)
The uncle testified at the hearing that his understanding had been that they were given only six months of temporary custody and that they were to return the child to Alabama and that is why his wife had arranged to meet DHR at the Alabama-Florida state line to relinquish custody. The uncle also testified that he had never told anyone that he wished to relinquish custody and that as far as he understood, his wife had never made such a statement either. We note that *911 the aunt was not present at this hearing to answer questions regarding whether she had told anyone at DHR or the Florida DHRS that they wished to relinquish custody of the child.
The uncle further testified that there are four bedrooms in their home and that there were four other children in the home (ages 4, 5,11,15; the younger two are siblings of the child who have been adopted by the uncle and aunt). He testified that the child’s mother visits him two to three times a week and that a representative of Florida DHRS visits their home at least once a month. He also stated that the child’s maternal grandmother lives in the same town. The uncle stated that the child could stay with them as long as it takes for the mother to straighten things out.
The neighbor testified at the hearing that she is 57 years old and that she is unable to work because of arthritis in her neck and back. She stated that she receives $434 per month in SSI benefits and $137 per month in child support for her two daughters (ages 14 and 17). She lives in the same two-bedroom trailer that she lived in when she had temporary custody of the child previously. Further, the neighbor testified that she received a telephone call from the aunt, asking if she would be willing to take the child back as they were having problems with the mother, and that after the telephone call, she filed her petition for temporary custody.
The order of the trial court of April 20, 1993, sets out the following findings:
“7. That it is in the best interest of said child for him to be returned to the petitioner, [the neighbor]. In making this determination the Court finds it is in the best interest of the minor child because of the unstable environment of whether the [uncle and aunt] want custody, the mother’s unwillingness to obey the [uncle and aunt’s] desires and the desires of the Florida Department of Health and Rehabilitative Services, as well as this Court considering the confidential reports and testimony taken in open court.”
After reviewing the record, we hold that the decision of the trial court to transfer temporary custody from the uncle and aunt to the neighbor “appears to be so unsupported by the testimony as to clearly fail to sustain the present and future best interest and welfare of the child.” Hornbuckle, 336 So.2d at 1374. Consequently, the order of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.