Even though no allegations of abuse were made against the custodial parent, the mother, I believe the trial court still must make a finding on the record as to whether the noncustodial parent committed domestic abuse. Without the guidance of such a finding, this Court cannot determine if the Custody and Domestic or Family Abuse Act, § 30-3-130
et seq., was properly applied, and, thus, cannot adequately review the judgment of the trial court. Therefore, I dissent.
The majority contends that the trial court's failure to make a finding of whether domestic abuse occurred was harmless error. I disagree. A child-custody order entered in a divorce case is never absolutely final; although it is "final" with respect to the particular facts currently before the court, it is subject to modification, if the facts should change, at any time until the child reaches the age of majority. Self v.Fugard, 518 So.2d 727 (Ala.Civ.App. 1987). A noncustodial parent may seek a change of custody by showing that he or she is fit to have custody and that the change would materially promote the child's best interest. Exparte McLendon, 455 So.2d 863 (Ala. 1984). Although the trial court's failure to address the mother's allegations of abuse against the father might appear to be harmless now, what if the father decides to seek a modification of custody? Predivorce allegations of abuse might not be allowed into evidence at that time. Cf. T.G.S. v. D.L.S., 608 So.2d 743
(Ala.Civ.App. 1992) (trial court is given wide discretion in ruling on admissibility of evidence, and predivorce allegations were not allowed at custody-modification proceeding where those issues had been presented to the trial court in the original divorce proceeding).
As to the majority's assertion that the mother would benefit from this court's requiring the trial court to make a finding whether there had been abuse in this case, I agree. However, the ultimate beneficiaries would be the children. It is this court's duty to enforce § 30-3-130
et seq. and the legislature's mandate that courts and agencies work toward ensuring a safe and stable home environment. Without the trial court's finding, this court is unable to determine whether the visitation order entered in this case complied with § 30-3-135, which provides that a court may award visitation by a parent who committed domestic abuse or family violence only if the court finds that adequate provision can be made for the safety of the children and the parent who is a victim of domestic abuse or family violence.