WRIGHT, Presiding Judge.
This is a divorce case.
The wife appeals from the Mobile County Circuit Court’s order denying her motion for a new trial or, in the alternative, to amend, alter or vacate the judgment of divorce.
The parties were granted a divorce on grounds of incompatibility. They had been married for twenty-two years. Their only child was twenty-one years old at the time of their divorce. The parties signed an agreement on August 2, 1984. In that agreement, the wife waived all claims to alimony and agreed to convey her interest in their jointly-owned home to the husband. The wife was allowed to keep her car and the husband to keep his truck. The agreement stated “the parties have already agreed to a division of all other personal property.” The wife signed an “acknowledgment by non-represented party,” in which she acknowledges that her husband’s attorney does not represent her, will do his best to protect the husband’s interests, and that she has the right to seek her own counsel. The acknowledgment also states that it may be in her best interest to hire her own counsel. By signing the acknowledgment, she agrees that she has requested her husband’s attorney “to prepare an answer and waiver under which this cause may be submitted without notice and such other pleadings and agreements as may be appropriate.” The acknowledgment is witnessed by two parties.
The judgment of divorce, which was issued on August 8, 1984, incorporates the agreement signed by the parties. Approximately one month later, the wife filed motions for a new trial or to set aside, alter or vacate the judgment, alleging that she signed the agreement under duress and without the benefit of counsel. The motions also contended that the wife had contributed to the purchase of the jointly-owned home and that any agreement which left her no interest in it was therefore inequitable.
The trial court, after an ore tenus hearing, entered its order denying her motions.
The trial court is vested with wide discretion when considering a party’s motion for a new trial. Tolleson v. Tolleson, 424 So.2d 1381 (Ala.Civ.App.1983). His decision on such a motion will not be reversed unless plainly and palpably erroneous. Tolleson, supra. The scope of review of an order denying a Rule 59(e), A.R.Civ.P. motion is whether there has been a manifest abuse of discretion. Tolleson, supra.
The testimony elicited from the wife at trial indicated that she had a high school education plus several years of college-equivalent training. Her testimony *981 also indicated unequivocally that she read and understood the agreement at the time she signed it. She also testified that she had mental capability to sign the agreement. The trial court apparently did not believe that the agreement was signed under any real duress or fraud. Barring fraud and duress, a property settlement agreement incorporated into a divorce decree is final and not modifiable. Davis v. Cole, 399 So.2d 309 (Ala.Civ.App.1981).
We find no abuse of discretion by the trial court in its refusal to grant the wife a new trial or to amend or vacate the final judgment. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.