ON APPLICATION FOR REHEARING
On rehearing the opinion of this court of May 10, 1989 is withdrawn and the following is substituted therefor.
Cindy Parker and Steven Mills were divorced in October 1977. Mrs. Parker was awarded custody of the parties' infant son. Mr. Mills was ordered to pay child support and was given unlimited rights of visitation.
In August 1988 Mr. and Mrs. Allen Mills, the paternal grandparents, petitioned the court, pursuant to section 30-3-4, Code 1975, seeking visitation privileges with their grandchild based upon the following: *Page 98 
 "[T]he son of the Plaintiffs, Steven A. Mills, has not exercised visitation privileges with the Plaintiffs' grandchild, Steven Adam Mills. The Plaintiffs desire to maintain an amicable and reasonable relationship with their grandchild who is presently 11 years of age, and such amicable and reasonable relationship can be maintained only if they are allowed adequate specified times of visitation."
The trial court summarily dismissed the petition and found the following:
 "[G]randparents do not become a proper party to file a petition for visitation under the statute [§ 30-3-4] until and unless there is modification litigation pending between the parties to the original divorce, i.e. the parents. To hold otherwise, would allow grandparents at any time with no limitation under the statute to seek visitation rights."
The grandparents appeal.
The grandparents acknowledge that the grant of visitation rights under section 30-3-4 is purely discretionary with the trial court and is not an absolute right. They contend, however, that the statute gives them the right to request the trial court to grant them the privilege of visitation with their grandchild and the right to be heard on such request. They argue that the trial court erred in dismissing the petition without giving them an opportunity to be heard.
The mother, expounding on the trial court's order, contends that section 30-3-4 does not allow the grandparents to file an independent action in order to obtain visitation rights. She asserts that the statutory right is available only when it is pursued in connection with the initial divorce proceeding or in subsequent child custody modification proceedings.
The pivotal question, therefore, is whether section 30-3-4
authorizes the grandparents to file an independent petition for visitation when there is no modification litigation pending between the original parties to the divorce.
Alabama is a common-law state and under common-law principles grandparents have never held a legal right to visitation with their grandchildren. Ex parte Bronstein, 434 So.2d 780 (Ala. 1983). The rights that grandparents have to visitation with their grandchildren have been derived from legislative grant. We find the evolvement of the statutory grandparental rights to visitation to be pertinent to the resolution of this issue.
In 1980 the Alabama legislature enacted section 30-3-3, Code 1975, which provided the following:
 "The presiding judge in a divorce case involving custody of children, may award, at his discretion, visitation rights to the grandparents of such children."
The supreme court, in Ex parte Bronstein, supra, interpreted section 30-3-3 in the following manner:
 "As we construe this statute, grandparents are not given a legal right of visitation, but only a right to request that the court, at the time the divorce case is pending, to grant them the privilege of visitation."
Section 30-3-3 was repealed in 1983 by the enactment of section 30-3-4. The purpose of enacting section 30-3-4 was "[t]o provide further for visitation rights of grandparents of minor children in certain cases of divorce or death." Section30-3-4, the statute in issue and the basis of the grandparents' petition, provides the following:
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) Divorce proceedings, whether granted previously or subsequently to February 28, 1983; and
 "(b) Situations concerning the death of a parent related by blood to the grandparents."
In reviewing the language of section 30-3-4, it is evident that the legislative intent in enacting section 30-3-4 was twofold. First, it expanded grandparental rights to visitation to include the situation involving the death of one of the grandchild's parents. Second, the restrictive phrase in the previous statute which limited the grandparents *Page 99 
intervention to the "time the divorce case is pending" was replaced by the more encompassing phrase which provides that grandparents "shall" be awarded visitation rights "in divorce proceedings granted previously or subsequently to February 28, 1983." This language contemplates that the right to request that visitation privileges be granted is not restricted to the initial divorce proceedings. Furthermore, this statute in no way provides that visitation rights for grandparents may be granted only in postjudgment divorce decree situations where there is modification litigation in progress between the parties to the original decree.
The mother and the trial court rely heavily upon Self v.Fugard, 518 So.2d 727 (Ala.Civ.App. 1987), cert. denied,518 So.2d 727 (Ala. 1988), to support their proposition that grandparents cannot file an independent petition for visitation under the statute "until and unless there is modification litigation pending between the parties to the original divorce."
In Self we found that "the term 'divorce proceedings' as used by the legislature in section 30-3-4, Code 1975, includes post-judgment modification procedures." In so finding, we did not limit the definition of "divorce proceedings" to custody modification procedures but instead stated that the definition "includes" postjudgment modification procedures. The restrictive interpretation that the mother and the trial court give Self is simply misplaced.
We find that the term "divorce proceedings" as utilized in the statute encompasses an intervention petition by grandparents and is not restricted to times when litigation is in active process between the parties to the divorce. The very nature of the court's ongoing jurisdiction in child custody situations leads us to this conclusion. It is well established that once a divorce decree is entered which provides for the custody of a child the court that entered the decree has continuing jurisdiction over the child until he or she reaches majority. Self, supra. The paramount consideration in child custody cases is always the well-being of the minor child, and "a pleading which, upon its face, concerns the welfare of a minor child is sufficient to invoke the equity jurisdiction of the court." Ex parte Handley, 460 So.2d 167 (Ala. 1984).
In this case the grandparents' petition alleged that the grant of visitation privileges would be in the child's best interests in that it would create a normal family atmosphere which would have a beneficial effect on the child. We find this sufficient to awaken the equity jurisdiction of the trial court under the statute. § 30-3-4, Code 1975.[1]
Accordingly, this case is reversed and remanded with directions that the trial court set a hearing to exercise its discretion as to whether the grandparents should be awarded visitation privileges.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED.
APPLICATION FOR REHEARING OVERRULED.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] Attention is called to Act 89-864, Ala. Acts, effective May 17, 1989.