This appeal is from an order dismissing a complaint for lack of jurisdiction.
Mattie Palmer filed a complaint in the Lauderdale County Circuit Court, Juvenile Division, asking that she be granted visitation rights with her granddaughter.
Pat Bolton, the child's mother, responded by filing a motion for summary judgment on the ground that the Lauderdale County Circuit Court, Juvenile Division, was without jurisdiction to grant the requested relief.
The trial court granted a summary judgment and held that:
 "[T]his Court does not have subject matter jurisdiction. The statute providing that visitation may be granted to grandparents of a child who has been adopted refers to the Probate Court that granted the adoption initially. Additionally, this Court, as a Juvenile Court, only has jurisdiction of cases that have been removed from the Probate Court. Accordingly, since it appears to this Court on its own motion that it has no subject matter jurisdiction, this case is hereby dismissed." (Emphasis added.)
A motion for reconsideration was filed and then denied by virtue of Rule 59.1, Alabama Rules of Civil Procedure. Palmer appeals.
In brief here, Palmer asserts that the trial court erred by holding that only the probate court that granted the adoption can modify the adoption order to allow visitation by the grandmother. The Probate Court of Franklin County, Alabama entered the final order of adoption on August 7, 1979.
Bolton replies that the trial court correctly determined that it was without jurisdiction to award visitation rights to Palmer. She relies, as did the trial court, on the following pertinent portion of § 26-10-5, Code 1975:
 "(b) When the final order of adoption shall have been entered, the natural parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them and the child shall be free from all legal obligations of obedience or otherwise to such parents. Provided, however, at the discretion of the court, visitation rights for the natural grandparents of the minor grandchildren may be maintained, or allowed upon petition of modification at any time after the final order of adoption is entered." (Emphasis added.)
The word "court" as used in the above-cited portion of §26-10-5, Code 1975, as in all the sections from §§ 26-10-1
through -10, refers to the probate court (except in those cases where "transfer" or "removal" to the district court occurs). Nowhere in the statutory provisions relating to adoption, Title 26, Chapter 10, are there any references to any "court" except the probate court.
Section 12-12-35, Code 1975, authorizes an adoption proceeding filed in the probate court to be transferred to the district court on motion of a party. After a decision in the district court, a record of the proceedings shall be filed in the probate court. Section 12-15-30(b)(5), Code 1975, authorizes adoption proceedings filed in a probate court to be removed to the juvenile court for further proceedings.
In the case at bar, it appears that the adoption matter was filed in and concluded by the Probate Court of Franklin County, Alabama. Therefore, we conclude that §§ 12-12-35 and 12-15-30(b)(5) are inapplicable to the facts in the case at bar. We make no conclusion on the propriety of filing a petition for grandparent visitation, under § 26-10-5(b), in a district or family court where, in the original adoption proceeding, the provisions for "transfer" under *Page 44 
§ 12-12-35 or "removal" under § 12-15-30(b)(5) are followed.
Since §§ 12-12-35 and 12-15-30(b)(5) do not apply in the present case, § 26-10-5 is the applicable statute governing modification of a final adoption order to allow visitation by Palmer with her grandchild. In other words, the Probate Court of Franklin County, Alabama is the only forum that has the legal authority to permit Palmer to visit with her grandchild.
The trial court properly decided that it was without jurisdiction to modify the final adoption order to allow visitation by Palmer.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.