This is a child visitation case.
Anita L. Hammac (Ms. Hammac) filed a petition in the Circuit Court of Mobile County against April Rachel Chavers (Ms. Chavers) on November 9, 1989, seeking visitation privileges with Samantha Chavers pursuant to § 30-3-4, Code 1975. On April 16, 1990 Ms. Chavers filed a motion to dismiss Ms. Hammac's petition on the ground that Ms. Hammac was the child's great-grandmother, not the child's grandmother.
The trial court denied the motion to dismiss and proceeded to hear the matter on its merits. After the hearing the trial court ordered that Ms. Hammac have unsupervised overnight visitation with the child. Ms. Chavers appeals.
On appeal Ms. Chavers argues that the trial court erred in awarding Ms. Hammac, the child's greatgrandmother, visitation rights pursuant to § 30-3-4, Code 1975, the "Grandparent Visitation Statute."
In Ex parte Bronstein, 434 So.2d 780 (Ala. 1983), the supreme court said:
 "Alabama is a common law state, and there is no question that the common law did not allow grandparents a legal right of visitation, and the legislature has not seen fit to abrogate this common law rule."
434 So.2d at 783 (citation omitted).
In a special concurring opinion, Justice Shores said: "I hope, however, that the Legislature will address this issue and pass legislation extending to grandparents a right to retain and maintain a relationship with the children of their children." 434 So.2d at 784.
Shortly after the release of the Bronstein opinion by the supreme court, the *Page 1253 
legislature enacted a statute, later codified as § 30-3-4, Code 1975, authorizing a court, in its discretion, to allow visitation between grandparents and grandchildren.
Section 30-3-4, Code 1975, provides as follows:
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when such rights have not been previously established by the Court, and to file a motion for contempt when such rights have been denied to them when one of the following situations occur;
 "(b) One parent of the child is deceased and the surviving parent denies reasonable visitation rights; or
 "(c) A grandparent is unreasonably denied visitation with the child for a period exceeding 90 days."
We held in In re Morris, 494 So.2d 87 (Ala.Civ.App. 1986), that § 30-3-4 must be strictly construed, and a failure to fit the circumstances of a particular case within the requirements of the code section mandates a denial of the petition for visitation.
Under § 30-3-4, the trial court has discretion to grant visitation only to grandparents. The word "grandparent" is defined as "a parent's parent." Webster's Third New International Dictionary 988 (16th ed. 1971).
At trial, Ms. Chavers testified that Ms. Hammac was the child's great-grandmother, not the child's grandmother. Ms. Hammac then testified that the child's father was her grandson; hence she was indeed the child's great-grandmother.
Ms. Hammac is not the child's grandmother; thus she fails to satisfy the requirements of § 30-3-4. No other statute grants great-grandparents the standing to seek visitation of minor great grandchildren, nor is there any common-law basis for such standing. The trial court therefore did not have the discretion to grant visitation to Ms. Hammac.
The trial court's order is reversed, and the cause is remanded for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.