We issued the writ of certiorari in this case to review the question whether the circuit court has jurisdiction to hear a complaint by a grandparent seeking visitation rights with a grandchild who has been adopted by a stepparent.
Raymond Carlton Bolton adopted his stepdaughter pursuant to an adoption judgment entered, with the consent of the child's natural father, by the probate court of Franklin County. Mattie Palmer, the child's paternal grandmother, subsequently filed a complaint in the Lauderdale Circuit Court, seeking visitation rights with her granddaughter.[1] The trial court entered a summary judgment against Palmer on the ground that the court lacked subject matter jurisdiction to grant the requested relief. The Court of Civil Appeals affirmed, holding that "the Probate Court of Franklin County is the only forum that has the *Page 45 
legal authority to permit Palmer to visit with her grandchild."Palmer v. Bolton, 574 So.2d 42, 44 (Ala.Civ.App. 1990).
In Ex parte Bronstein, 434 So.2d 780 (Ala. 1983), this Court, recognizing that the common law does not recognize any right of visitation by grandparents, stated:
 "[A]n adoption of a child must necessarily sever all former family bonds and relationships. The courts are not free, therefore, to intervene on behalf of relatives who seek visitation, especially when the child's adoptive parents have decided not to permit visitation."
434 So.2d at 784. Concurring specially in that case, Justice Shores wrote:
 "I agree that the common law does not recognize, and never has, any right of visitation by grandparents. I hope, however, that the Legislature will address this issue and pass legislation extending to grandparents a right to retain and maintain a relationship with the children of their children. Precious little remains of the family structure, which played such a vital part in the development of this nation. It seems unconscionable to allow its further fragmentation."
After this Court's decision in Bronstein, the Alabama Legislature did address the issue of visitation rights of grandparents. The Legislature modified the common law principle and created rights of visitation for grandparents under certain circumstances. Ala. Code 1975, § 30-3-4, reads as follows:
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when such rights have not been previously established by the Court, and to file a motion for contempt when such rights have been denied to them when one of the following situations occur;
 "(b) One parent of the child is deceased and the surviving parent denies reasonable visitation rights; or
 "(c) A grandparent is unreasonably denied visitation with the child for a period exceeding 90 days."
Construing § 30-3-4 in pari materia with the other sections in that chapter, we hold, in accordance with the rules of statutory construction clarified by this Court in JohnDeere Co. v. Gamble, 523 So.2d 95 (Ala. 1988), that the word "court" in § 30-3-4 was intended by the Legislature to be the circuit court. Matters affecting the best interests of the child, as well as parental rights relating to the child, have essentially been within the jurisdiction of the circuit court. The legislative use of the term "the court" could not have been intended to exclude the court of general jurisdiction. Applying § 30-3-4(c) to the facts in this case, we hold that the circuit court did have jurisdiction to consider Palmer's complaint.
We, therefore, reverse the Court of Civil Appeals' judgment holding that the circuit court was without jurisdiction to hear Palmer's complaint and we remand this cause for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
[1] Pat Bolton, the child's mother and the defendant in this case, is a resident of Lauderdale County.