ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court declined to modify the alimony provisions of a prior divorce decree.
The parties were divorced in May 1979. In April 1990, the husband filed a petition to modify the final decree of divorce seeking to terminate his obligation to pay periodic alimony. The wife then filed a counterclaim seeking to increase the alimony award. Prior to a hearing, the husband dismissed his petition for modification.
After a hearing on the wife’s counterclaim, the trial court found that “[t]he relative disparity of the parties’ material wealth notwithstanding, this court cannot conclude that because the husband has substantially increased his net worth that his former wife is entitled to an increase in alimony eleven years following their divorce.” The court then found that “there does not appear to be such material change in substantial circumstances that would *80 justify the court increasing the alimony.” The wife appeals.
The wife raises three issues on appeal. First, she contends that the ore ten-us presumption does not apply. She contends that there was no conflict in the material evidence relating to the status of the parties and their financial affairs.
The record before this court consists of 180 pages of trial transcript and numerous exhibits presented by both parties. After reviewing this evidence, we find that there were numerous factual matters in dispute. Those disputed factual matters dealt extensively with the exact issue in dispute, i.e., the wife’s earning ability, financial status, and needs with regard to an increase in alimony. Therefore, we find that the ore tenus presumption does indeed apply.
Next, the wife contends that the trial court erred in its refusal to increase her periodic alimony and to award her an attorney’s fee.
Whether to modify an alimony award or to grant an attorney fee is within the sound discretion of the trial court. Click v. Click, 521 So.2d 67 (Ala.Civ.App.1988). The exercise of such discretion will not be disturbed on appeal unless the trial court’s judgment was plainly and palpably wrong. Hayes v. Hayes, 485 So.2d 753 (Ala.Civ.App.1986).
We pretermit a detailed discussion of all the facts of the instant case. We do note, however, that the wife has had many jobs since the final decree of divorce in 1979. She was not employed at the time of the modification hearing by her own choice. She testified that she was qualified as a secretary, a retail salesperson, and a real estate agent.
We further point out that at the time of the divorce, the wife’s sole source of income was her alimony. However, during the eleven years since the divorce, she has had income from employers, from certificates of deposit, and rental income.
After a review of the record, and in view of the presumption of correctness, we cannot say that the trial court erred in not increasing the alimony award or in not granting the wife an attorney’s fee.
The last issue raised by the wife concerns a life insurance policy required under the divorce decree. The wife contends that the husband has not maintained in force insurance on his life in the amount of $15,000 with the wife as beneficiary. She contends that the trial court erred in not ordering him to have such a policy. Further, she argues that the trial court erred in not modifying the amount of the policy to $100,000.
In her brief the wife states that it is undisputed that there is no such life insurance policy in existence. She further states that it is undisputed that the husband has made a provision for her in his will. However, other than a statement by the wife that such a policy did not exist, she fails to cite to the court any page number in the record to support this assertion. After a review of the record, we can not find any evidence to support these statements. In fact, we cannot find where the husband was even questioned about the policy or his will. Therefore, the wife has failed to meet her burden of proving error by the trial court. See A.R.App.P., Rule 28.
The wife’s request for an attorney’s fee for representation on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.