In September 1987, the Circuit Court of Houston County divorced Kylea Gretchen Smith and Phillip Wade Smith. The judgment of divorce incorporated an agreement of the parties in which the trial court awarded custody of the parties' three minor children to the mother, who is the appellant in this case, and awarded reasonable rights of visitation to the father.
In January 1988, the father petitioned for modification of the divorce judgment, alleging that he had not been allowed to exercise reasonable visitation and requesting that the trial court adopt a specific visitation schedule. The mother counter-claimed, requesting that the child support be increased, that a restraining order be issued to the father restraining him from harassing the mother, and that he be ordered to pay past due medical bills.
In July 1988, the trial court continued the hearing that it had scheduled on the petition for modification and the counterclaim for purposes of settlement. Subsequently, the father filed an amended petition for modification, and the father's parents, the appellees in this case, filed a motion to intervene in the action. In their motion to intervene, the grandparents requested that the court grant them visitation rights pursuant to § 30-3-4, Code 1975. The mother then filed a motion to dismiss the grandparents' petition to intervene, alleging that the trial court did not have jurisdiction to award them visitation separate and apart from their son's (the father's) visitation. The father's attorney then withdrew so that he could represent the grandparents as intervenors.
On May 18, 1989, the mother filed with the trial court a notice which stated that the father had executed a consent to adopt each of the parties' three minor children by the mother's new husband. She also filed copies of the consents to adoption. Then, during the last week in May, the mother and the grandparents entered into stipulation and agreement in which the grandparents were awarded certain visitation rights, and the trial court ratified said agreement. Subsequently, on June 21, 1989, without notice to the grandparents, the adoptions were granted by the Autauga County Probate Court.
On October 19, 1990, the mother and her new husband filed a petition to terminate the grandparents' visitation rights in the Circuit Court of Autauga County. On October 25, 1990, the grandparents filed a petition for rule nisi in the Circuit Court of Houston County, alleging that the mother had prevented them from exercising their visitation rights under their previous agreement and requesting that the court find the mother guilty of contempt.
On November 13, 1990, the grandparents filed a motion to transfer venue from Autauga County to Houston County. On December 19, 1990, the motion to transfer was granted. On February 28, 1991, the mother and her new husband filed a motion to dismiss for lack of jurisdiction in the Circuit Court of Houston County.
Following a proceeding on the petition for rule nisi of the grandparents, the trial court found, among other things, that pursuant to § 30-3-5, Code 1975, the Circuit Court of Houston County did have jurisdiction of the action, that the grandparents had been granted visitation rights pursuant to the trial court's order dated May 26, 1989, and that the mother had failed to abide by the previous order granting visitation to the grandparents.
Consequently, the trial court ordered, among other things, that the petition to terminate the grandparents' visitation rights be denied, that the mother was in *Page 325 
contempt of the trial court's order granting visitation to the grandparents, and that the mother could purge herself of contempt by complying with that visitation order.
The mother appeals.
First, she asserts that the Circuit Court of Houston County did not have jurisdiction to hear the petition for rule nisi on the question of visitation rights after the final decree of adoption was rendered in the Probate Court of Autauga County. The mother maintains that once the adoption decree was signed, the circuit court lost jurisdiction over the issue of visitation, and, unless the grandparents petitioned the adopting court for continuing visitation rights, visitation would be terminated.
Pursuant to § 26-10-5, Code 1975:
 "(b) When the final order of adoption shall have been entered, the natural parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them and the child shall be free from all legal obligations of obedience or otherwise to such parents. Provided, however, at the discretion of the court, visitation rights for the natural grandparents of the minor grandchildren may be maintained, or allowed upon petition of modification at any time after the final order of adoption." (Emphasis added.)
In Palmer v. Bolton, 574 So.2d 42, 43 (Ala.Civ.App. 1990), a grandmother sought visitation rights with a grandchild who had been adopted by a stepparent in probate court. This court held in Palmer that the probate court was the only forum that had the legal authority to allow the grandmother to visit with her grandchild. However, in Ex parte Palmer, 574 So.2d 44, 45
(Ala. 1990), our supreme court found that "[t]he legislative use of the term 'the court' [in § 26-10-5, Code 1975], could not have been intended to exclude the court of general jurisdiction." Thus, the case was remanded, and the circuit court was allowed to proceed on the grandmother's petition. Exparte Palmer, 574 So.2d at 45.
We would point out that the supreme court, by way of footnote in Ex parte Palmer, stated that the mother in Palmer lived in the county where the grandmother had filed her action. In this case, the mother and the three children no longer live in Houston County. However, pursuant to § 30-3-5, Code 1975, for venue to be proper in Autauga County, the mother and the children had to have resided in Autauga County for three consecutive years preceding the date of the filing of the petition to terminate the grandparents' visitation rights. The record reflects that the children had not lived in Autauga County for the required three-year period. Thus, the original circuit court granting the judgment of divorce had jurisdiction. § 30-3-5, Code 1975. That court was the Circuit Court of Houston County.
Next, the mother alleges that, as a result of the adoption of the three minor children by their stepfather, the paternal grandparents' visitation rights were terminated. In support of her contention, she cites us to the cases of Clark v. Leslie,537 So.2d 25 (Ala.Civ.App. 1988), and Ex parte Bronstein,434 So.2d 780 (Ala. 1983). In Clark, this court stated that, according to Bronstein,
 "grandparent visitation, when against the wishes of the adoptive parents, would never be in the best interest of the child and that visitation rights of grandparents are derived from the rights of biological parents, and, therefore, when an adoption decree terminates parents' rights, the rights of grandparents are also terminated."
Clark, 537 So.2d at 27 (citations omitted).
Although we acknowledge that this language does appear inBronstein, a close reading of Bronstein reveals that our supreme court was only pointing out what an Iowa court had advanced as one of its policy reasons for denying visitation rights to grandparents. Further, the holding in Bronstein was issued prior to the legislature's enactment of §§ 26-10-5 and30-3-4, Code 1975, which now govern grandparent visitation.
Under the principles of common law, grandparents "lacked any legal right to visitation and communication with their *Page 326 
grandchildren if such visitation was forbidden by the parents."Clark v. Leslie, 537 So.2d 25 (Ala.Civ.App. 1988). As a consequence, for a grandparent to have any legal visitation right with a grandchild, the right must have been granted by the legislature. Clark.
Section 26-10-5, Code 1975, specifically acknowledges an exception to the general rule that an adoption decree that terminates all parental rights also terminates any rights of the grandparents:
 "[p]rovided, however, at the discretion of the court, visitation rights for the natural grandparents of the minor children may be maintained . . . after the final order of adoption is entered." (Emphasis added.)
Pursuant to §§ 26-10-5 and 30-3-4, Code 1975, the legislature has seen fit to award to grandparents the right to seek visitation with their grandchildren. Also, pursuant to both statutes, whether visitation is granted or maintained, as in this case, is left to the discretion of the trial court. Further, we note that in Clark, this court went on to say that "the circumstances of this case . . . warrant a conclusion that the trial court abused its discretion in awarding the paternal grandmother visitation." Clark, 537 So.2d at 27 (emphasis added). In fact, we have previously held that "visitation rights of grandparents are a matter generally entrusted to the discretion of the trial court." Snipes v. Carr, 526 So.2d 591,592 (Ala.Civ.App. 1988). Further, we will not reverse the trial court's exercise of its discretion absent a showing that the trial court abused that discretion. Snipes.
Our careful review of the record indicates that the grandparents continued to see their grandchildren after their former daughter-in-law remarried and moved to Prattville, Alabama. In fact, they drove to Prattville to pick the children up and took them to Dothan. Although the mother contends that the children become emotionally upset when they go to visit their grandparents, the trial court interviewed the oldest child in chambers, and that interview disputed the mother's contentions.
We have reviewed the evidence carefully and hold that the trial court did not abuse its discretion when it concluded that the visitation rights previously awarded to the grandparents should be maintained.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.