622 So.2d 398 (1993)
K.R.D.
v.
E.D. and J.D.
2910625.
Court of Civil Appeals of Alabama.
March 5, 1993.
Rehearing Denied April 9, 1993.
Certiorari Denied June 11, 1993.
Carl E. Chamblee, Sr., Birmingham, for appellant.
Roberta L. Fulton, Birmingham, for appellee.
Julie A. Marks of Legal Aid Soc. of Birmingham, guardian ad litem.
Alabama Supreme Court 1921103.
ROBERTSON, Presiding Judge.
E.D. and J.D. (grandparents), the paternal grandparents of A.N.D. (minor child), filed a petition, seeking custody in the Juvenile Court of Jefferson County, alleging that the minor child's father was deceased and that K.R.D. (mother) was unable and unwilling to discharge her responsibility to and for the minor child.
The grandparents also filed a motion for temporary visitation with the minor child in which they claimed that the mother had refused to grant them visitation since the death of their son, the minor child's father. A guardian ad litem was appointed to represent the interests of the minor child.
The mother filed a motion to strike the grandparents' motion for temporary visitation, and alleged that no adjudication of dependency had been made; that the only provision for visitation by grandparents was pursuant to § 30-3-4, Code 1975; and, that the juvenile court had no jurisdiction under § 30-3-4 to grant the grandparental visitation with the minor child based on the supreme court's opinion in Ex parte Palmer, 574 So.2d 44 (Ala.1990). During the trial of this case, the grandparents filed a motion in open court to allow visitation in lieu of custody. Specifically, the grandparents requested that, in the event the trial court found that the minor child was not dependent, the trial court would grant them specific visitation rights.
Following ore tenus proceedings, the trial court dismissed the grandparents" petition for dependency but granted the grandparents visitation rights with the minor child the third weekend of each month from 6 p.m. Saturday until 3 p.m. Sunday.
*399 The mother's postjudgment motions were denied, and she appeals.
The mother raises two issues on appeal: 1) whether the trial court lacked jurisdiction to grant visitation rights to paternal grandparents pursuant to § 30-3-4, after their petition for dependency was dismissed; and, 2) whether the trial court erred in denying the mother's postjudgment motions.
Section 30-3-4, Code 1975, provides:
"At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
". . . .
"(b) One parent of the child is deceased and the surviving parent denies reasonable visitation rights...."
The mother contends that the juvenile court, a district court in this case, was without jurisdiction to render a judgment regarding grandparental visitation, because she argues that, according to Ex parte Palmer, 574 So.2d 44 (Ala.1990), only a circuit court can grant grandparental visitation pursuant to § 30-3-4, Code 1975. We disagree.
In Palmer, the issue before our supreme court was whether the probate court, which granted the adoption, was the only court that had jurisdiction to grant visitation with a grandchild who had been adopted by a stepparent. Mattie Palmer filed a complaint in the juvenile court, a circuit court in that case, seeking the right to visitation with her granddaughter. The trial court held that as a juvenile court it did not have subject matter jurisdiction and dismissed the case. This court affirmed. See Palmer v. Bolton, 574 So.2d 42 (Ala.Civ.App. 1990). However, our supreme court held "that the [juvenile court] did have jurisdiction to consider Palmer's complaint." Palmer at 45. On remand, this court reversed "and remanded to the Juvenile Court of Lauderdale County" for further proceedings. Palmer v. Bolton, 574 So.2d 45, 46 (Ala.Civ.App. 1990).
Our supreme court's opinion in Palmer states that the "circuit court" should not be excluded from hearing the case; however, the opinion does not indicate that the circuit court was the only court that could hear the case. While the supreme court's opinion in Palmer used the term "circuit court" in holding that the probate court was not the only forum to decide grandparental visitation, in view of § 12-15-2(a), Code 1975, which provides that "[t]he circuit court and the district court shall exercise original concurrent juvenile jurisdiction sitting as the juvenile court," we hold that the juvenile court, whether district or circuit, has jurisdiction to award grandparental visitation pursuant to § 30-3-4, Code 1975.
The mother cites Shoemaker v. Shoemaker, 563 So.2d 1032 (Ala.Civ.App. 1990), for the proposition that this court has recognized that § 30-3-4 grants grandparents the privilege of petitioning a circuit court for visitation rights. In Shoemaker this court merely stated in dicta that § 30-3-4 granted grandparents the privilege of petitioning a circuit court for visitation; however, we did not limit a grandparent to only petitioning the circuit court in order to obtain relief under § 30-3-4.
Secondly, the mother argues that the trial court erred in denying her postjudgment motions. The first motion was to tax all costs, including attorney's fees, to the grandparents; the second motion was to stay the trial court's order on visitation; and the third motion was to alter, amend, or vacate the trial court's judgment.
Initially, we note that whether to grant costs, an attorney's fee, a motion to stay an order, or a motion to alter or amend a judgment, is within the sound discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal unless the trial court's judgment was plainly and palpably wrong. Ramsey v. Ramsey, 585 So.2d 79 (Ala.Civ.App. 1991); Ayres v. Ayres, 466 So.2d 979 (Ala. Civ. App. 1985); Ray ford v. Ray ford, 456 So.2d 833 (Ala.Civ.App. 1984).
While there are accusations by the mother of vexatious motives on the part of the grandparents, the record does not reflect *400 that the trial court's judgment was plainly and palpably wrong.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.