646 So.2d 126 (1994)
B.R.O.
v.
G.C.O.
AV93000077.
Court of Civil Appeals of Alabama.
August 5, 1994.
Michael J. Salmon, Gulf Shores, for appellant.
Donald M. Briskman of Briskman & Binion, P.C., Mobile, for appellee.
*127 THIGPEN, Judge.
This visitation case involves a petition filed in the juvenile court by a paternal grandmother seeking visitation with her minor grandchildren. Her petition sought visitation pursuant to Ala.Code 1975, § 30-3-4 and/or § 12-15-30. The parents' motion to dismiss for lack of jurisdiction was properly denied. See Ex parte Palmer, 574 So.2d 44 (Ala.1990), and K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993). After receiving extensive testimony and other evidence, the juvenile court denied the grandmother's request for visitation; she appealed to the circuit court. The circuit court determined that a full transcript of the proceedings in juvenile court was available, and then, ex mero motu, transferred the appeal to this court.
On appeal, the grandmother asserts several issues; however, the dispositive issue is whether the trial court erred in denying the grandmother's petition for an award of visitation with her grandchildren.
The record contains several hundred pages of testimony and an elaborate, multi-page order by the juvenile court, which specifies in great detail the trial court's findings and its determination. All parties were represented by legal counsel throughout the proceedings, including a court-appointed guardian ad litem for the minor children. Detailing specifics here would serve no purpose; therefore, we pretermit discussion of the facts, except to note that this situation does not involve divorced parents, dependent children, a custody dispute, or adoption. The grandchildren in this case are the offspring of parents who remain married and who testified to no intention of divorcing. The parents, by their own choice, have determined that visitation with the grandmother is inappropriate for their children at this time. They testified that they base that decision on the grandmother's emotional instability, her unpredictability, her long-standing problems with alcoholism, and her dangerous and destructive behaviors which are disruptive to the family unit. Little is indicated in the record regarding the grandmother's claim for visitation pursuant to Ala.Code 1975, § 12-15-30. That section enumerates specific instances in which the juvenile court exercises exclusive original jurisdiction. The grandmother's original petition alleged that the denial of visitation caused her grandchildren "to be dependent children within the meaning and purpose of Title 12-15-1(10), Code of Alabama 1975." The trial court did not find the children to be dependent, and the record would not support a finding of dependency. Nothing else was alleged or proven by the grandmother that would invoke the jurisdiction of the juvenile court pursuant to this section. It appears that this case continued by focusing on a mere hypothesis that the grandmother's petition could proceed pursuant to Ala.Code 1975, § 30-3-4(c). Our supposition about this posture is reinforced by the evidence presented, the findings of fact and conclusions of law stated in the trial court's order, and the arguments presented in the appellate briefs.
Ala.Code 1975, § 30-3-4, was amended in 1989 by Act No. 89-864, which replaced the prior act in its entirety. It states as follows:
"At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
"(a) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when such rights have not been previously established by the Court, and to file a motion for contempt when such rights have been denied to them when one of the following situations occur;

"(b) One parent of the child is deceased and the surviving parent denies reasonable visitation rights; or
"(c) A grandparent is unreasonably denied visitation with the child for a period exceeding 90 days."
(Emphasis added.)
In this case, it is undisputed that there was no divorce action pending, no divorce judgment for the grandmother to seek to modify, and no existing visitation order to seek to *128 enforce by way of a contempt proceeding. Nothing in this fact situation allows this grandmother's petition pursuant to this statute. The circumstances of this case do not fit within the statutory requirements permitting this grandmother to seek visitation rights, and her clever arguments do not create a right that does not exist. See In re Morris, 494 So.2d 87 (Ala.Civ.App.1986). Furthermore, the guiding rules of statutory construction, as clarified in John Deere Co. v. Gamble, 523 So.2d 95 (Ala.1988), lead us to gather the intent of the legislature "from the language of the statute itself." John Deere, at 100.
A hasty or inattentive reading of the statute could lead one to surmise or postulate that there are three circumstances wherein a grandparent may seek to establish visitation rights pursuant to this statute, i.e., (1) when there is a divorce of the grandchildren's parents, or (2) when a parent dies, or (3) when a grandparent is unreasonably denied visitation for a period exceeding 90 days. In the instant case, the grandmother's argument focuses on that interpretation, and particularly, the subsection concerning the unreasonable denial of visitation. Closer reading of the statute, however, exposes error in that interpretation.
The statute provides that, at the discretion of the trial court, visitation rights may be granted to grandparents to their grandchildren whose parents are divorced or are divorcing. The statute grants no absolute right to grandparental visitation. It merely permits grandparents (1) to intervene in divorce proceedings for the purpose of seeking to establish visitation rights with their grandchildren or (2) to seek to modify an existing divorce judgment that did not establish grandparental visitation rights. Ala.Code 1975, § 30-3-4(a). See Ex parte Bronstein, 434 So.2d 780 (Ala.1983); Mills v. Parker, 549 So.2d 97 (Ala.Civ.App.1989); Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987); Cockrell v. Sittason, 500 So.2d 1119 (Ala.Civ. App.1986). The 1983 Act, which preceded the current statute, was interpreted to also allow grandparents to file an independent action seeking to modify the divorce judgment when grandparental visitation rights were not established by the original divorce judgment; i.e., the grandparents are not required to wait until the parties to the divorce are involved in subsequent modification proceedings before petitioning for visitation rights. See Mills, supra.
The current statutory language grants grandparents a right to seek to modify the original divorce judgment, and to file a motion for contempt when visitation rights have been denied to them "when one of the following situations occur; (b) One parent of the child is deceased and the surviving parent denies reasonable visitation rights; or (c) A grandparent is unreasonably denied visitation with the child for a period exceeding 90 days." Ala.Code 1975, § 30-3-4. (Emphasis added.) Close reading of the statute discloses that subsections (b) and (c) are specific occurrences that entitle a grandparent to certain rights, and it presupposes the existence of a prior judgment of divorce or visitation. As it was modified in 1989, there is now simply nothing in this statute permitting a grandparent to seek visitation rights with grandchildren who are not the offspring of divorced or divorcing parents. Therefore, the grandmother's reliance on this statute is defective and her arguments are misplaced.
Grandparental visitation is not an absolute right, and it did not exist at common law. Grandparental visitation rights originate by a legislative grant, and the grant of such rights is a discretionary function of the trial court. See Bronstein, supra, and Mills, supra. The grandmother correctly argues that Ala.Code 1975, § 30-3-4, permits grandparents to petition the trial court to establish grandparental visitation rights when the parents of the grandchildren are involved in divorce proceedings. The statute is clear that a trial court may, within its discretion, grant visitation rights to grandparents in two specific cases: 1) when the parents are divorcing, or, when an existing divorce judgment does not establish grandparental visitation, the judgment may be modified to establish visitation rights for the grandparents upon proper petition.
Since the effective date of the 1989 amendment, there have been very few appellate cases mentioning grandparental visitation *129 sought pursuant to Ala.Code 1975, § 30-3-4. Ex parte Palmer, supra, and K.R.D., supra, primarily concerned jurisdiction. P.A.T. v. D.B., 638 So.2d 905 (Ala.Civ.App.1994), primarily concerned a custody dispute between a parent and a grandparent, and no error was asserted or addressed regarding visitation. Loftin v. Smith, 590 So.2d 323 (Ala. Civ.App.1991), involved a petition to terminate grandparental visitation rights that had been granted by a modification of the parents' divorce judgment. There, this court affirmed a circuit court's determination regarding grandparental visitation, subsequent to a stepfather's adoption of his wife's children by her previous marriage. In Chavers v. Hammac, 568 So.2d 1252 (Ala.Civ.App. 1990), and Shoemaker v. Shoemaker, 563 So.2d 1032 (Ala.Civ.App.1990), this court strictly construed the statutory language and refused to extend the statute to allow parties who did not fit the circumstances (a great-grandparent and a stepparent) to utilize the statute to seek or enforce visitation with children of divorced parents.
The history of Ala.Code 1975, § 30-3-4, prior to the 1989 amendment, is well stated in Mills, supra. There, Judge Wright carefully and thoroughly traveled through the development of the law regarding grandparental visitation in circumstances involving divorce or death of a parent. The express purpose of the 1983 amendment was "[t]o provide further for visitation rights of grandparents of minor children in certain cases of divorce or death." 1983 Ala.Acts No. 83-176. When the statute was amended in 1989, the express purpose of the amendment did not indicate that death or other circumstances were intended to broaden grandparental visitation rights. On the contrary, the express purpose of the 1989 Act appears limiting in nature, i.e., "[t]o amend Section 30-3-4, Code of Alabama 1975, which provides for visitation rights of grandparents in domestic relations cases, and in other cases, so as to provide further for such rights." 1989 Ala. Acts No. 89-864 (emphasis added). The stated purpose of the 1989 Act omits death as a certain case in which grandparents may seek visitation, and it narrows the right of grandparents to seek visitation pursuant to this statute to only situations involving divorce. Subsections (b) and (c), which presuppose the existence of a prior order, provide further for grandparental visitation rights by clarifying that the grandparents' right to seek visitation via a modification to a divorce judgment survives the death of either parent, or that if the grandparents have an existing court-ordered visitation right, that right survives the death of either parent. Furthermore, subsection (c) provides a threshold circumstance for modification of a divorce judgment or for enforcement of the prior visitation order.
The 1989 amended statute did not alter the entry language of the statute; there, however, the likeness between the two statutes ends. Close comparison of the 1983 and 1989 Acts reveals a narrowing of the rights enumerated, a refining of those rights, and a specific occurrence for enforcement of those rights. The 1989 Act replaced the 1983 Act in its entirety. Section 1 of the 1983 Act read as follows:
"At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
"(a) Divorce proceedings, whether granted previously or subsequently to the effective date of this Act; and

"(b) Situations concerning the death of a parent related by blood to the grandparents."
(Emphasis added.)
The 1989 amendment replacing that legislative grant totally omitted subsection (b) as a situation granting grandparents the right to seek visitation rights. Subsection (b) of the 1989 Act is now a circumstance following a divorce which entitles grandparents to certain rights; i.e., the grandparental rights to seek and enforce grandparental visitation pursuant to a divorce survives the death of either parent. It is also noteworthy that during the window of time that the Legislature did grant the right to seek grandparental visitation in circumstances involving death, that right was limited to "[s]ituations concerning the death of a parent related by blood to the grandparents." (Emphasis added.) 1983 Ala.Acts No. 83-176, § 1.(b). That restriction further indicates that the *130 Legislature did not intend for a grandparent to have the right to seek to force court-ordered visitation with grandchildren against the wishes of the parent related by blood to the grandparents. It may simply be that in respect to the integrity of the family unit, the Legislature recognized the rarity of appropriate circumstances that justify a court's discretionary intervention to force visitation against the wishes of the parent.
In her reply brief, the grandmother argues for an extension of the grandparents' rights beyond divorce situations by arguing that construing Ala.Code 1975, § 30-3-4, to apply only to such situations is contrary to the history of the statute and to "the advancing rights of grandparents." She argues that Ex parte Palmer, supra, construes subsection (c) "as applying to an independant [sic] grandparent's action making no mention of a prior divorce or death or dissolution." Careful and thorough reading of that case reveals that it is factually distinguishable from the instant case in that it primarily concerned jurisdiction, and its holding is not inconsistent with other cases interpreting the new statute. That case involved a judgment of the Probate Court of Franklin County allowing a stepfather to adopt his wife's child, with the consent of the natural father. The paternal grandmother's complaint seeking visitation rights was filed in the Lauderdale County Circuit Court, Juvenile Division, and was dismissed for lack of subject matter jurisdiction. The trial court stated that grandparental visitation must be considered by the probate court that granted the adoption. Our court affirmed the trial court's dismissal and stated: "[T]he Probate Court of Franklin County, Alabama is the only forum that has the legal authority to permit [the grandmother] to visit with her grandchild." Palmer v. Bolton, 574 So.2d 42, 44 (Ala.Civ.App.1990) (emphasis added). On certiorari review, our Supreme Court reversed, recognizing that the Legislature "created rights of visitation for grandparents under certain circumstances" and quoted Ala.Code 1975, § 30-3-4, in its entirety. Ex parte Palmer, at 45. Our Supreme Court concluded that the circuit court was not excluded from considering the grandmother's complaint and stated: "Applying § 30-3-4(c) to the facts in this case, we hold that the circuit court did have jurisdiction to consider [the grandmother]'s complaint." Ex parte Palmer, at 45. Our Supreme Court applied Ala.Code 1975, § 30-3-4, "in pari materia with the other sections in that chapter." Ex parte Palmer, at 45. That chapter involves child custody and support within Title 30, which concerns marital and domestic relations. Although our Supreme Court's opinion does not expressly state that the child's mother and natural father were divorced, its rationale and application of § 30-3-4 to the facts in that case confirm the existence of that omitted fact; i.e., apparently, a prior divorce judgment existed that the grandmother could seek to modify, pursuant to § 30-3-4, to establish grandparental visitation rights. Furthermore, focusing on jurisdiction, our Supreme Court expressly "issued the writ of certiorari in this case to review the question whether the circuit court has jurisdiction to hear a complaint by a grandparent seeking visitation." Ex parte Palmer, at 44. The Supreme Court did not consider the merits of the petition for grandparental visitation.
While the result of this decision appears to close doors for grandparental visitation, it should be remembered that the common law, which Alabama follows, has never recognized any absolute right of grandparental visitation. That right is purely statutory, and, therefore, is restricted by whatever terms the Legislature chooses to specify. In the 1983 Act, the Legislature chose to recognize situations involving the death of a parent related by blood to the grandparents as an appropriate circumstance to allow a petition for visitation. When the Legislature rewrote the statute in 1989, it chose to omit that case as one giving rise to court intervention in the family unit. There may be circumstances, such as when a surviving parent remarries, in which visitation with parents of the deceased parent would contribute to the breakdown of the family structure by preventing a child from developing relationships with the new family. For whatever reason, when the Legislature amended the statute in 1989, cases involving the death of a parent were not specified as appropriate for the statutory right to petition for grandparental visitation. *131 The 1989 amendment did, however, provide further for grandparental visitation rights by specifying that a grandparent's right to petition to modify a divorce judgment, or to enforce an existing visitation order, survived the death of a parent. That provision broadened and clarified a grandparent's visitation rights following a divorce of the parents.
The grandmother's argument that Ala.Code 1975, § 30-3-4(c), allows a grandparent to petition for visitation without requiring a divorce overlooks the requirement that when a statute is susceptible of two constructions, the court assumes that the legislature intended a construction that is workable and fair. State v. Calumet & Hecla Consol. Copper Co., 259 Ala. 225, 66 So.2d 726 (1953). The very language of the statute reveals fault in the grandmother's position and discloses that subsection (c) necessarily involves a pre-existing order to enforce. To follow the grandmother's rationale ignores the legislative intent gathered from the language of the statute, and renders meaningless the last sentence of subsection (a), which sets up rights "when one of the following situations occur." Additionally, the grandmother's interpretation would allow the unbridled invasion of parental authority in circumstances, such as those in this case, where both parents have determined not to allow grandparental visitation. To allow the grandmother's interpretation could, inter alia, undermine the long-standing deference given to parents in controlling their children's associations, weaken the vital parental authority in the family structure, and require parents to incur the costs of litigation to defend, even against their own parents, their parental decisions regarding the best interests of their children. The reasonable and workable construction of the statute prevails over the construction that is unworkable and unjust.
Furthermore, the record in this case is replete with evidence concerning the circumstances of the parties. The trial court's order acknowledged uncertainty regarding the proper interpretation of § 30-3-4. Regardless of the interpretation, the trial court found that the grandmother had failed to establish even the threshold matter, i.e., she had failed to establish that she had been unreasonably denied visitation with the children for a period exceeding 90 days. The trial court also expressly found that court-ordered grandparental visitation was not in the best interests of the children at this time. It is clear from the tenor of the evidence that the parents' decision not to allow visitation at this time does not foreclose future consideration regarding visitation, provided that the grandmother's conduct and emotional well-being improve, and that the welfare of the children would not be detrimentally affected by the visitation. The evidence clearly supports the trial court's findings and conclusions, and the grandmother has failed to show error in the trial court's judgment. The judgment of the trial court is due to be affirmed under any legal reasoning.
The request for an attorney fee by the appellees is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.