CRAWLEY, Judge.
The State Department of Human Resources (“DHR”) appeals from an order denying its motion, pursuant to Rule 24(a)(2), *396 Ala. R. Civ. P., to intervene in a divorce proceeding between Sandra Kennedy Engle and Thomas Ed Engle.
The Engles were divorced in 1992. The mother was given custody of the minor child born of the marriage, and the father was ordered to pay $245 per month in child support. In 1995, the mother filed a contempt action against the father, alleging that the father had failed to make child support payments. The circuit court found that the father was in arrears in his child support obligation in the amount of $4,500. The court ordered the father to pay $30 per month toward the arrearage. It also issued an income withholding order directing the father’s employer to withhold $275 per month from the income due the father and to remit that sum to the Jefferson circuit clerk’s office for distribution to the mother.
On January 2, 1997, the Jefferson Juvenile Court determined that the Engles’ minor child was dependent and awarded custody of the child to DHR. On October 10, 1997, DHR filed a “Petition to Intervene in the Nature of a Petition to Modify” the En-gles’ divorce judgment. Alleging that it had been awarded custody of the child, DHR requested the circuit court to add it as an intervening party in the divorce proceedings and to modify the divorce judgment to provide that the father’s child support payments should be made to DHR, rather than to the circuit clerk for distribution to the mother.
Rule 24(a), Ala. R. Civ. P., states:
“Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is represented by existing parties.”
“ ‘To intervene in a proceeding under Rule 24(a)(2), [DHR] must have a direct, substantial and legally protectable interest in the proceeding.’ ” State ex rel. Tenner v. Tenner, 668 So.2d 838, 839 (Ala.Civ.App.1995) (quoting State ex rel. Wilson v. Wilson, 475 So.2d 194, 196 (Ala.Civ.App.1985)) (brackets added by the court in Tenner). DHR has a direct, substantial, and legally protectable interest in the Engle divorce proceeding because, by virtue of §§ 38-10-31 and -32, Ala.Code 1975, DHR “was assigned the right to collect and receive all support payments and to initiate any support action.” State ex rel. Tenner v. Tenner, 668 So.2d at 839.
Section 38-10-31 provides:
“Either upon granting of custody of a child to the department and the provision of foster care or upon the department’s making foster care maintenance payments on behalf of a child under provisions of Title IV-E of the Social Security Act, the department shall by operation of law be assigned the right to any support owed to or for such child. The assignment:
“(1) shall be effective as to both current and accrued support obligations; and
“(2) shall terminate when the department is no longer providing foster care, except with respect to the amount of any unpaid support obligation accrued under the assignment.”
Section 38-10-32 provides:
“The department may take action under this article or under any other appropriate state and federal statutes to assure that the parent or parents of a child in the custody and care of the department or otherwise receiving foster care maintenance payments under Title IV-E of the Social Security Act, provides support for such child. An order for support may be made at the time custody is granted to the department and may be made a part of the custody order.”
Section 38-10-32 not only allows DHR to initiate a child support action,"but it also permits DHR to “take action” under any appropriate state or federal law “to assure that the parent or parents of a child in [DHR’s] custody ... provide support for such child.” The statute thus authorizes the intervention DHR sought in this case.
*397 The circuit court denied intervention because, it held, there was “no action” (such as a modification or contempt proceeding) “currently pending” before the court in which DHR could intervene. The circuit court explained: “As the Court reviews Rule 24 in its entirety, it does appear that there must be a pending matter before a request for intervention can be entertained.”
“Divorce proceedings” include post-judgment modification actions by intervenors even if there is no “modification litigation in progress between the parties to the original decree.” See Mills v. Parker, 549 So.2d 97, 99 (Ala.Civ.App.1989) (allowing grandparents to file a petition for visitation 11 years after divorce was granted). See also Self v. Fugard, 518 So.2d 727, 730 (Ala.Civ.App.1987). In Mills v. Parker, this court held:
“The term ‘divorce proceedings’ ... is not restricted to times when litigation is in active process between the parties to the divorce. The very nature of the court’s ongoing jurisdiction in child custody situations leads us to this conclusion. It is well established that once a divorce decree is entered which provides for the custody of a child the court that entered the decree has continuing jurisdiction over the child until he or she reaches majority.”
549 So.2d at 99.
The order of the circuit court denying DHR’s motion to intervene is reversed and the cause is remanded for the entry of an order granting the motion to intervene.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.