828 So.2d 327 (2002)
T.R.S.S.
v.
R.S. and M.S.
2000610.
Court of Civil Appeals of Alabama.
February 22, 2002.
*328 Carla M. Handy, Gadsden, for appellant.
David C. Livingston, Gadsden, for appellees R.S. and M.S.
J. Coleman Campbell and James E. Long, asst. attys. gen., Department of Human Resources, for appellee Attorney General Bill Pryor.
PITTMAN, Judge.
This is a grandparent-visitation case. S.D.S. (hereinafter "the father") filed an action for divorce against T.R.S.S. (hereinafter "the mother") on August 17, 1999. Among other items, the father noted that the mother was then pregnant with his child and that she should have the care, custody, and control of the child upon its birth. The mother filed an answer and a counterclaim requesting custody of the child and requesting child support from the father.
Before a final divorce judgment was entered, the mother gave birth to a girl. The father filed a petition for temporary visitation because both he and his parents desired visitation with the child. The mother filed an objection with the court, asserting that the father had made numerous suicide threats, the paternal grandfather had threatened violence against the mother, and the father had failed to provide any support for the child since he filed for divorce. The mother and the father reached an agreement regarding temporary visitation and a hearing on the issue of temporary visitation was never held.
On May 26, 2000, the trial court entered a final judgment of divorce between the mother and the father. The judgment incorporated a relinquishment of parental rights to the minor child executed by the father. The judgment also incorporated an order of the juvenile judge of Etowah County, Alabama, terminating the parental rights of the father as to the minor child.
On July 24, 2000, R.S. and M.S., the parents of the father, filed a petition to intervene seeking grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. Their petition alleged that before their son's parental rights were terminated, they had visited with the minor child for one and one-half hours every other week. The mother's response denied that any visitation had been established for the father's parents. She alleged that visitation had been established for the father, but that he had not exercised his visitation privileges and the grandparents had visited in his place. The mother then moved to deny the grandparents' petition to intervene primarily on the grounds (1) that the grandparents in this case do not meet the statutory definition of "grandparent" in § 30-3-4.1(a); (2) that the action had been filed during the same year that another custody action regarding the child as to whom visitation is sought had been adjudicated in contravention to § 30-3-4.1(e); and (3) that the grandparent-visitation statute is unconstitutional, citing Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
Following a hearing on the merits, the trial court entered an order refusing to hold § 30-3-4.1, Ala.Code 1975, unconstitutional *329 and granting the grandparents specified visitation with the child. The mother filed a motion for new trial, or in the alternative, to alter, amend, or vacate the trial court's order. That motion was denied by operation of law on January 31, 2001. See Rule 59.1, Ala. R. Civ. P. The mother also filed a motion to stay visitation until her motion or any appeal was resolved. The stay was granted until November 18, 2000. The mother filed this timely appeal.
Although the mother argues that § 30-3-4.1, Ala.Code 1975, is unconstitutional, this court does not address that argument here. We conclude that the mother's remaining two arguments are determinative of the visitation issue in this case.
Ala.Code 1975, § 30-3-4.1, provides grandparents the right to petition for visitation with a grandchild in certain narrowly defined instances.[1]
"(a) For the purposes of this section, the term `grandparent' means the parent of a minor child's parent, the parent of a minor child's parent who has died, or the parent of a minor child's parent whose parental rights have been terminated when the child has been adopted pursuant to Section 26-10A-27, 26-10A-28, or 26-10A-30, dealing with stepparent and relative adoption.
"(b) Except as otherwise provided in this section, any grandparent may file an original action for visitation rights to a minor child if it is in the best interest of the minor child....
"(c) Any grandparent may intervene in and seek to obtain visitation rights in any action when any court in this state has before it any question concerning the custody of a minor child, a divorce proceeding of the parents or a parent of the minor child, or a termination of the parental rights proceeding of either parent of the minor child, provided the termination of parental rights is for the purpose of adoption pursuant to Sections 26-10A-27, 26-10A-28, or 26-10A-30, dealing with stepparent adoption.
"(e) The court shall make specific written findings of fact in support of its rulings. There shall be a rebuttable presumption in favor of visitation by any grandparent. An original action requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which another custody action has been filed concerning the child."
By the terms of the statute itself, the grandparents in this case do not fall within any of the definitions of § 30-3-4.1(a), Ala.Code 1975. R.S. and M.S., when they filed their petition on July 24, 2000, were not the parents of a parent of a minor child. Their son's parental rights had been terminated as part of the judgment entered on May 26, 2000. On that day, R.S. and M.S. lost their standing as "grandparents" entitled to petition under the statute. Obviously, they do not qualify as the parents of a parent who has died. Finally, R.S. and M.S. are not parents of a parent whose parental rights have been terminated when the child has been adopted pursuant to § 26-10A-27 et seq., Ala.Code 1975. The father voluntarily terminated his parental rights in order to extinguish any duty he owed to the child as a parent; the termination of his parental rights was not for the purpose of allowing an adoption of the child by a stepparent or relative.
In a case involving interpretation of the previous grandparent-visitation statute, *330 this court generally addressed the principles of statutory construction. In denying the grandmother's requested relief, this court stated "[t]he circumstances of this case do not fit within the statutory requirements permitting this grandmother to seek visitation rights, and her clever arguments do not create a right that does not exist." B.R.O. v. G.C.O., 646 So.2d 126, 128 (Ala.Civ.App.1994).
"The right of grandparent visitation did not exist at common law but was instead created by legislative act." Sanders v. Wright, 772 So.2d 470, 471 (Ala.Civ. App.2000), quoting C.Y. v. C.L., 726 So.2d 733, 734 (Ala.Civ.App.1999). The statutory right of grandparent visitation must be strictly construed; it cannot extend to persons who do not fit the definition specified by the Legislature. See Chavers v. Hammac, 568 So.2d 1252 (Ala.Civ.App.1990); Shoemaker v. Shoemaker, 563 So.2d 1032 (Ala.Civ.App.1990). While they were unquestionably parents of a parent of a child before May 26, 2000, R.S. and M.S. did not fit into any of the three statutory definitions created by § 30-3-4.1(a), Ala.Code 1975, at the time they filed their petition on July 24, 2000.
In addition to the definition deficiency, this court finds a second basis for reversing the trial court. The petition was untimely. R.S. and M.S. did not file an original action under § 30-3-4.1(b), rather they filed a petition to intervene under § 30-3-4.1(c). When they filed their petition, there was no action pending before the court because the final judgment of divorce had been entered on May 26, 2000. In reviewing the statute, it seems apparent that R.S. and M.S. sought to circumvent the restrictions of § 30-3-4.1(e), by filing a petition to intervene rather than an original action. Obviously no original action could be entertained by the trial court because "[a]n original action ... shall not be filed during any year in which another custody action has been filed." § 30-3-4.1(e), Ala.Code 1975.
On appeal R.S. and M.S. argue that, although their petition to intervene was filed within one calendar year from the filing of the original divorce complaint, they still complied with the statute. Their argument rests on the fact that the divorce complaint was filed in August 1999 and their petition for grandparent-visitation rights was filed in July 2000a different calendar year. We find this argument disingenuous at best. It is obvious on the face of the petition that it was not an original action, but instead it was an attempt to intervene in the divorce action. This fact is evidenced by the style and pleading of the petition as well as by the fact that the divorce case is referenced by number for intervention. Because R.S. and M.S. never sought to intervene while the divorce action was pending (from August 1999 until May 26, 2000), their attempt to intervene on July 24, 2000, was untimely and should have been denied by the trial court.
This court can neither broaden the coverage of § 30-3-4.1, et seq., Ala.Code 1975, to include persons not contemplated by the act, nor can we change the time and filing requirements of the statute to allow R.S. and M.S. to file an untimely petition. For the reasons cited above, we reverse the trial court's award of grandparent visitation to R.S. and M.S. and remand the cause for an entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, J., concur.
THOMPSON and MURDOCK, JJ., concur in the result.
NOTES
[1] This court has further addressed the circumstances under which § 30-3-4.1 may be constitutionally applied in L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002).